## McDONALD v. FOSTER & EASTON.

1. Where the mortgagor of personal property has such an interest therein, as may
be sold under an execution for the payment of his debts, the mortgagee cannot
on the trial of the right of property, upon a claim interposed by him under the
statute, introduce proof to show what was the value of the mortgagor's interest,
and that it was less than the value of the property in question.

WRIT of Error to the circuit court of Barbour.

This was a trial of the right of property under the statute.
The defendants in error recovered a judgment against John Mc-
Kay, in the county court of Barbour, and an execution issued
thereon, was levied on sundry goods, wares and merchandize,
which were claimed by the plaintiff, who gave bond with surety
to try the right to the same. On the trial the claimant excepted
to the ruling of the court. From the bill of exceptions, it appears
that the claimant was a mortgagee of the defendant in execution,
of the property in controversy, of a date prior to the execution;
that the debt intended to be secured was equal to the value of the
property. The question made, was whether this proof was ad-
missible to show that the equity of redemption was of no value, or
to abate the price at which it might be estimated by the jury.
Whereupon the court decided, that the property being in posses-
sion of the defendant in execution at the time of the levy, and
therefore subject to the levy, the mortgage was irrelevant and
could not be introduced for either of the purposes proposed. A
verdict was returned for the plaintiffs in execution, and judgment
thereupon rendered, which ascertains the value of the property,
and determines its liability to be sold under the execution.

BUFORD, for the plaintiff in error.
BELSER, with whom was HARRIS, for the defendants.

COLLIER, C. J.—The bill of exceptions does not inform us
what was the form of the mortgage attempted to be set up by
the claimant; the stipulations, (if any) in respect to the possession
of the property; whether the debt intended to be secured was past

due, and whether the mortgage contained a power of sale. All intendments on these points must be made most strongly against the party complaining of error, so as to sustain the judgment of the primary court. If the mortgagor was in possession of the merchandize, and entitled to enjoy it as against the mortgagee, it has been repeatedly held, that such an interest may be leived on and sold under execution. [McGregor & Darling v. Hall, 3 Stewart and P. Rep. 397; Purnell, et al. v. Hogan, 5 Stew't & P. Rep. 192; Perkins and Elliott v. Mayfield, 5 Porters' Rep. 182.] In Purnell, et al. v. Hogan, the court referring to McGregor & Darling v. Hall, say it has been expressly decided upon a view of all the authorities, that the interest of a mortgagee can not be interposed to prevent the execution of the property in possession of the mortgagor; and that the equity of redemption is liable to be sold in satisfaction of the mortgagor's debts. In that case the mortgagee was the claimant, and the court decided that the mortgage was admissible evidence in his favor for any purpose.

If the mortgagor has such an interest as may be sold on execution, the value of that interest cannot at law be shown to be less than the property. The statute requires that if the jury find the property subject to the execution, they shall find the value of each article separately. Here the jury have found against the claimant, and their duty would not be performed according to law, by ascertaining the value of each article, and deducting therefrom the amount of the claimant's lien.

Besides, the plaintiff in execution was entitled to have the interest of the mortgagor, be it what it might, levied on and sold, and the mortgagee by interposing a claim, cannot impair his rights. A court of law cannot, consistently with its powers, compel a plaintiff in execution to accept the value of the mortgaged property after satisfying the lien of the mortgagee instead of offering it for sale. If the mortgagor have a legal interest, the thing itself may be sold, and this will not prejudice the mortgagee, who may assert his rights in the same manner as if no sale had taken place. · See further, Planters' and Merchants' Bank v. A. Willis & Co·, at this term.

The consequence is, the judgment of the circuit court is correct and must be affirmed.